Kristy L. Peters, Bar No. 024756
kpeters@littler.com
Michael B. Guilliam, Bar No. 035069
mguilliam@littler.com
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, Arizona 85016
Telephone:   602.474.3600
Fax No.:      602.957.1801

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| Gina Centner and Paul Paradis, | Case No. CV-22-01032-PHX-JJT |
|---|---|
| Plaintiffs, | **DEFENDANTS' NOTICE OF FILING FIRST AMENDED ANSWER** |
| v. | |
| TMG Offshore, Inc. and Mario Bauer, | |
| Defendants. | |

Pursuant to Local Rule of Civil Procedure 15.1 and the Court's July 14, 2022 Order (Dkt. 11), Defendants hereby provide notice of their filing their First Amended Answer as a Matter of Course. A red-lined copy of the First Amended Answer is attached hereto as **Exhibit A**. Deletions in this Exhibit are indicated by strikethrough text, and new language is presented in underlined font.

Dated: July 18, 2022.                    Respectfully submitted,

                                         */s/ Michael B. Guilliam*
                                         Kristy L. Peters
                                         Michael B. Guilliam
                                         LITTLER MENDELSON, P.C.

                                         Attorneys for Defendants

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION

1
2
3

I hereby certify that the original of the foregoing was electronically filed using CM/ECF and a copy of the same was emailed to the following if non-registrants, this 18th day of July, 2022.

4
5
6

Alan Meda
BURCH & CRACCHIOLO, P.A.
1850 N Central Ave #1700
Phoenix, AZ 85004
ameda@bcattorneys.com

7
8

*s/ Michelle Renee Mercure*

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

2

# EXHIBIT A

1  Kristy L. Peters, Bar No. 024756
   kpeters@littler.com
2  Michael B. Guilliam, Bar No. 035069
   mguilliam@littler.com
3  LITTLER MENDELSON, P.C.
   Camelback Esplanade
4  2425 East Camelback Road, Suite 900
   Phoenix, Arizona 85016
5  Telephone:    602.474.3600
   Fax No.:       602.957.1801
6
7  Attorneys for Defendants

8                    UNITED STATES DISTRICT COURT

9                    FOR THE DISTRICT OF ARIZONA

10

11  Gina Centner and Paul Paradis,          Case No. CV-22-01032-PHX-JJT

12              Plaintiffs,                  **FIRST AMENDED ANSWER TO
                                             COMPLAINT**
13  v.

14  TMG Offshore and Mario Bauer,

15              Defendants.

16

17       Defendants TMG Offshore, Inc. ("TMG") and Mario Bauer (collectively

18  "Defendants"), file their Answer and Affirmative Defenses to Plaintiffs' Gina Centner and

    Paul Paradis ("Plaintiffs") Complaint ("Complaint").

19                          **INTRODUCTION**

20       1.    In response to Paragraph 1 of the Complaint, the allegations therein describe

21  the claims Plaintiffs intend to assert in their Complaint, which require no response. Insofar

22  as the allegations in Paragraph 1 are construed to require a response, Defendants deny that

23  they have any liability whatsoever for the claims alleged in the Complaint.

24       2.    In response to Paragraph 2 of the Complaint, Defendants deny the allegations

25  contained therein.

26       3.    In response to Paragraph 3 of the Complaint, Defendants deny the allegations

27  contained therein.

28

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

4.      In response to Paragraph 4 of the Complaint, Defendants admit only that Bauer met with Paradis and Centner for two days in late December 2021 for the purposes of conducting a 2021 year-end review and planning for the coming year.  Defendants deny all other allegations in Paragraph 4 and specifically deny making any representations to Centner and Paradis.

5.      In response to Paragraph 5 of the Complaint, Defendants deny the allegations contained therein.

6.      In response to Paragraph 6 of the Complaint, the allegation contained therein describes the relief Plaintiff requests from the Court.  Insofar as the allegations in Paragraph 6 are construed to require a response, Defendants deny that Plaintiff are entitled to any relief.

**PARTIES**

7.      In response to Paragraph 7 of the Complaint, upon information and belief, Defendants admit Centner is a resident of the state of Arizona.  Defendants deny all other allegations in Paragraph 7.

8.      In response to Paragraph 8 of the Complaint, upon information and belief, Defendants admit Paradis is a resident of the state of Arizona.  Defendants deny all other allegations in Paragraph 8.

9.      In response to Paragraph 9 of the Complaint, Defendants admit only that TMG Offshore, Inc. is a Texas corporation formerly named BGPC Global, Inc. and TMG Texas Enterprises, Inc.  Defendants deny all other allegations in Paragraph 9.

10.     In response to Paragraph 10 of the Complaint, Defendants admit the allegations contained therein.

**JURISDICTION and VENUE**

11.     In response to Paragraph 11 of the Complaint, Defendants affirmatively assert that the United States District Court for the District of Arizona has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Defendants deny the remaining allegations contained therein.

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

2

12.     In response to Paragraph 12 of the Complaint, Defendants assert that the United States District Court for the District of Arizona is the proper venue for this action.

## SUBSTANTIVE ALLEGAIONS

### The Corporate Structure and History of TMG Offshore

13.     In response to Paragraph 13 of the Complaint, Defendants admit the allegations contained therein, but affirmatively assert that TMG Consulting, Inc. was the DBA for TMG utility Advisory Services, Inc.

14.     In response to Paragraph 14 of the Complaint, Defendants admit the allegations contained therein.

15.     In response to Paragraph 15 of the Complaint, Defendants admit the allegations contained therein.

16.     In response to Paragraph 16 of the Complaint, Defendants admit the allegations contained therein.

17.     In response to Paragraph 17 of the Complaint, Defendants denies the allegation contained therein.

18.     No response required.

**Bauer Informs Centner and Paradis That**
**Bauer Is In Negotiations with Tech Machindra, Ltd.**
**Concerning Tech Machindra's Possible Acquistion**
**Of TMG and TMG Offshore and That Tech Mahnidra's**
**Due Diligence Uncovered a Multi-Year Tax Evasion Scheme at Synersys**

19.     In response to Paragraph 19 of the Complaint, Defendants admit that Bauer notified Paradis and Centner that Bauer was in negotiations with a representative from Tech Mahindra Ltd. for the purchase of TMG Utility Advisory Services, Inc. and TMG Texas Enterprises, Inc.  Defendants also admit TMG Texas Enterprises, Inc. owned the offshore Synersys assets in Manila, Philippines. Defendants deny any allegations not expressly admitted herein

20.     In response to Paragraph 20 of the Complaint, Defendants admit the allegations contained therein.

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

21.     In response to Paragraph 21 of the Complaint, Defendants deny the allegations contained therein.

22.     In response to Paragraph 22 of the Complaint, Defendants admit Bauer represented to Centner that the core offshore software coding business acquired by TMG Offshore, Inc. was a valuable business operation.   Defendants further admit Bauer represented to Centner that Willian Chan had not established a significant corporate control structure, internal controls, financial controls, or record keeping system.  Defendants deny any allegations not expressly admitted therein.

23.     In response to Paragraph 23 of the Complaint, Defendants admit that William Chan was allowed to remain in place to supervise and manage the team of software coding personnel in Manila, in part because they were loyal to him.  Defendants admit Bauer took control of all financial related matters and sole signing authority.  Defendants expressly deny any allegations not admitted herein.

**Bauer Recruits Centner and Paradis To
Serve as the Chief Compliance Officer
And Chief Operating Officer of TMG
Offshore After Tech Mahindra Demands
That TMG Offshore Be Excluded From
Any Purchase Transaction Involving the
Acquisition of TMG Consulting, Inc.**

24.     In response to Paragraph 24 of the Complaint, Defendants deny the allegations contained therein.

25.     In response to Paragraph 25 of the Complaint, Defendants deny the allegations therein.

**Bauer Fraudulently Induces Centner and
Paradis By Intentionally Making A Series
Of False Promises Concerning Stock Ownership and
Compensation They Would Receive from TMG Texas**

26.     In response to Paragraph 26 of the Complaint, Defendants admit the Manila-based operation had never utilized any formal policies or procedures.  Defendants admit Centner and Paradis were assigned, as part of their job duties as TMG Utility Advisory

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

4

1   ~~Services, Inc. employees,~~ to work on the restructuring of TMG Offshore, Inc. and the

2   Manila office. Defendants deny any allegations not expressly admitted therein.

3          27.     In response to Paragraph 27 of the Complaint, Defendants admit Paradis

4   requested to travel to Manila to perform work in-person.   Defendants admit Paradis

5   requested to move to Manila for a period of time to perform work in-person.  Defendants

6   deny any allegations not expressly admitted therein.

7          28.     In response to Paragraph 28 of the Complaint, Defendants admit Bauer

8   checked in with Centner and Paradis daily to monitor their work in the regular course of

9   business.  Defendants admit Centner and Paradis had day-to-day responsibilities as the

10  Chief Compliance Officer and Chief Operating Officer of TMG Utility Advisory Services,

11  Inc., respectively.  Defendants admit Centner and Paradis worked with Tech Mahindra and

12  Util-Assist, Inc. in the regular course of work.   Defendants deny any allegations not

13  expressly admitted therein.

14         29.     In response to Paragraph 29 of the Complaint, Defendants deny the

15  allegations contained therein.

16         30.     In response to Paragraph 30 of the Complaint, Defendants deny the

17  allegations contained therein.

18         a.     In response to Paragraph 30(a) of the Complaint, Defendants admit

19  the temporary name change of TMG Texas to BGPC Global, Inc. was an acronym

20  for Bauer, Glanvill, Paradis, and Center.  Defendants deny any allegations not

21  expressly admitted therein

22         b.     In response to Paragraph 30(b) of the Complaint, Defendants deny

23  the allegations contained therein.

24         c.     In response to Paragraph 30(c) of the Complaint, Defendants deny

25  the allegations contained therein.

26         d.     In response to Paragraph 30(d) of the Complaint, Defendants deny

27  the allegations contained therein.

28         e.     In response to Paragraph 30(e) of the Complaint, Defendants deny

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

5

the allegations contained therein.

31.    In response to Paragraph 31 of the Complaint, Defendants deny the allegations contained therein.

32.    In response to Paragraph 32 of the Complaint, Defendants deny the allegations contained therein.

33.    In response to Paragraph 33 of the Complaint, Defendants deny the allegations contained therein.

34.    In response to Paragraph 34 of the Complaint, Defendants deny the allegations contained therein.

35.    In response to Paragraph 35 of the Complaint, Defendants admit the quoted language is contained within the document referenced as Exhibit C.  Defendants deny any allegations not expressly admitted therein.

36.    In response to Paragraph 36 of the Complaint, Defendants admit the quoted language is contained within the document referenced as Exhibit D.  Defendants deny any allegations not expressly admitted therein.

37.    In response to Paragraph 37 of the Complaint, Defendants admit Centner emailed Bauer her name, social security number, and home address on January 26, 2021. Defendants deny the remaining allegations not expressly admitted therein.

38.    In response to Paragraph 38 of the Complaint, Defendants admit Paradis emailed Bauer his name, social security number, and home address on January 27, 2021. Defendants deny the remaining allegations not expressly admitted therein.

39.    In response to Paragraph 39 of the Complaint, Defendants admit Centner and Paradis were emailed by Wendy Rouse regarding an Insperity Benefits meeting. Defendants admit that Paragraph 39 accurately captures the subject line and attached documents of the January 29, 2021 email written by Wendy Rouse. Defendants deny any allegations not expressly admitted therein.

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

6

40.     In response to Paragraph 40 of the Complaint, Defendants admit Bauer notified Paradis and Centner that TMG Offshore needed to hire additional software engineers.  Defendants deny any allegations not expressly admitted therein.

41.     In response to Paragraph 41 of the Complaint, Defendants deny the allegations contained therein.

42.     In response to Paragraph 42 of the Complaint, Defendants deny the allegations contained therein.

43.     In response to Paragraph 43 of the Complaint, Defendants deny the allegations contained therein.

**Centner and Paradis Reasonably Relied
On Bauer's False Representation and
Performed Extensive Work for TMG Offshore Only
To Have Bauer and TMG Offshore Refuse to Award
Their Shares of BGPC Common Stock
<u>Or Compensate Them, As Bauer Had Represented</u>**

44.     In response to Paragraph 44 of the Complaint, Defendants deny the allegations contained therein.

45.     In response to Paragraph 45 of the Complaint, Defendants deny the allegations contained therein.

46.     In response to Paragraph 46 of the Complaint, Defendants deny the allegations contained therein.

   a.     In response to Paragraph 46(a) of the Complaint, Defendants deny the allegations contained therein.

   b.     In response to Paragraph 46(b) of the Complaint, Defendants deny the allegations contained therein.

   c.     In response to Paragraph 46(c) of the Complaint, Defendants deny the allegations contained therein.

   d.     In response to Paragraph 46(d) of the Complaint, Defendants admit Centner and Paradis worked to retain Grant Thornton LLP ~~on behalf of TMG Utility~~

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

7

1    Advisor Services, Inc. for the purposes of auditing TMG Offshore's accounts and

2    compliance.  Defendants deny any allegations not expressly contained therein.

3            e.        In response to Paragraph 46(e) of the Complaint, Defendants admit

4    Centner and Paradis worked to retain Grant Thornton LLP on behalf of TMG Utility

5    Advisor Services, Inc. for the purposes of auditing TMG Offshore's accounts and

6    compliance.   Defendants  deny  any  allegations  not  expressly  contained  therein.

7    Defendants admit the quoted language is contained in Exhibit J to the Complaint.

8    Defendants deny any allegations not expressly admitted therein.

9            f.        In response to Paragraph 46(f) of the Complaint, Defendants admit

10   Centner and Paradis worked to retain Vasquez Bretana & Sibal-Pulido Law on

11   behalf of TMG Utility Advisory Services, Inc. for the purpose of obtaining legal

12   and corporate structuring advice.  Defendants deny any allegations not expressly

13   admitted therein.

14           g.        In response to Paragraph 46(g) of the Complaint, Defendants admit

15   Centner and Paradis worked on behalf of TMG Utility Advisory Services, Inc. to

16   hire a Controller for TMG Offshore and establish a finance department. Defendants

17   deny any allegations not expressly admitted therein.

18           h.        Paragraph 46(h) has been omitted from the Complaint and therefore

19   no response is required.

20           i.        In response to Paragraph 46(i) of the Complaint, Defendants admit

21   Centner and Paradis worked on behalf of TMG Utility Advisory Services, Inc. to

22   establish a Manila based "branch office". Defendants deny any allegations not

23   expressly admitted therein.

24           j.        In response to Paragraph 46(j) of the Complaint, Defendants admit

25   Centner and Paradis worked on behalf of TMG Utility Advisory Services, Inc. to

26   draft compliant legal documentation for TMG Offshore, Inc.. Defendants deny any

27   allegations not expressly admitted therein.

28           k.        In response to Paragraph 46(k) of the Complaint, Defendants admit

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

Centner and Paradis worked ~~on behalf of TMG Utility Advisory Services, Inc.~~ to retain CapMan Employment Agency for the purposes of hiring additional software architects and software coding engineers. Defendants deny any allegations not expressly admitted therein.

47. In response to Paragraph 47 of the Complaint, Defendants admit Centner and Paradis worked ~~on behalf of TMG Utility Advisory Services, Inc.~~ to engage in weekly meetings with international legal, finance, and tax advisors. Defendants deny any allegations not expressly admitted therein.

48. In response to Paragraph 48 of the Complaint, Defendants admit Exhibit O appears to reflect the agenda for the June 2, 2021, weekly status call. Defendants admit Centner and Paradis worked ~~on behalf of TMG Utility Advisory Services, Inc.~~ to provide legal advice regarding bookkeeping, budgeting and forecasting, tax and reporting compliance, payroll, contract review, e-filing taxes in the Philippines, and the creation of a Philippines branch. Defendants deny any allegations not expressly admitted therein.

49. In response to Paragraph 49 of the Complaint, Defendants admit Centner and Paradis conducted telephonic meetings ~~on behalf of TMG Utility Advisory Services, Inc.~~ to set up a Delaware holding company, review and edit Board Resolutions, prepare documents, set up a TITF bank account, and provide legal and corporate advice. Defendants deny any allegations not expressly admitted therein.

50. In response to Paragraph 50 of the Complaint, Defendants admit Centner and Paradis worked ~~on behalf of TMG Utility Advisory Services, Inc.~~ to review and edit corporate documents including the Declaration of Trust and draft Board Resolutions. Defendants deny any allegations not expressly admitted therein.

51. In response to Paragraph 51 of the Complaint, Defendants admit Centner and Paradis worked ~~on behalf of TMG Utility Advisory Services, Inc.~~ to gather materials and information for the Philippine "General Information Sheet" and application for the Philippine SEC Compliance Monitoring Division Clearance. Defendants admit the General

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

9

Information Sheet was required to be filed on or before November 20, 2021. Defendants admit Centner and Paradis attended the October 21, 2021 stockholders meeting.

52.     In response to Paragraph 52 of the Complaint, Defendants admit Centner and Paradis worked ~~on behalf of TMG Utility Advisory Services, Inc.~~ to review, draft, and gather information necessary for the Philippine General Information Sheet, open US bank accounts, and review and revise documents prepared by P&A Grant Thornton. Defendants deny any allegations not expressly admitted therein.

53.     In response to Paragraph 53 of the Complaint, Defendants admit Centner and Paradis worked ~~on behalf of TMG Utility Advisory Services, Inc.~~ to have documents apostilled for Manila-based corporate counsel, and to establish life insurance for Manila-based employees through Generali Life Assurance Philippines. Defendants deny any allegations not expressly admitted therein.

54.     In response to Paragraph 54 of the Complaint, Defendants admit the allegations contained therein and affirmatively assert Exhibit AA was not included with the served Complaint.

55.     In response to Paragraph 55 of the Complaint, upon information and belief, Defendants deny the allegations contained therein and affirmatively assert Exhibit BB was not included with the served Complaint.

56.     In response to Paragraph 56 of the Complaint, Defendants admit Centner and Paradis worked ~~on behalf of TMG Utility Advisory Services~~ to retain AMC & Associates for auditing services. Defendant admits P&A Grant Thornton provided Centner and Paradis with a proposal to assist and process an application to update the books of accounts registration for Synersys Global Inc. and to secure a permit to use loose-leaf books of accounts. Defendants admit Centner and Paradis worked with P&A Grant Thornton to transfer $200,000 into the Manila office's bank account as branch equity. Defendants deny any allegations not expressly admitted therein.

57.     In response to Paragraph 57 of the Complaint, Defendants deny the allegations contained therein.

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

10

**Centner and Paradis Are  Damaged When Bauer**
**And TMG Offshore Fail to Perform As Bauer Had Promised**

58.     In response to Paragraph 58 of the Complaint, Defendants deny the allegations therein.

59.     In response to Paragraph 59 of the Complaint, Defendants admit Bauer met with Paradis and Centner, among others, to conduct a 2021 year-end review and 2022 year-forward planning meeting and specifically deny making any representations to Centner and Paradis.  Defendants deny any allegations not expressly admitted therein.

60.     In response to Paragraph 60 of the Complaint, Defendants deny the allegations contained therein.

61.     In response to Paragraph 61 of the Complaint, Defendants deny the allegations contained therein.

**Absent Immediate Injunctive Relief,**
**Plaintiffs Will be Irreparably Harmed**

62.     In response to Paragraph 62 of the Complaint, Defendants admit Bauer informed Centner and Paradis that i3 Verticals, Inc had reached out to Bauer regarding an acquisition of TMG Utility Advisory Services, Inc. and TMG Offshore, Inc.  Defendants lack sufficient information regarding i3's SEC filings and therefore deny any allegations not expressly admitted therein.

63.     In response to Paragraph 39 of the Complaint, Defendants deny the allegations contained therein.

64.     In response to Paragraph 64 of the Complaint, Defendants deny the allegations contained therein.

65.     In response to Paragraph 65 of the Complaint, the allegations contained therein describe the relief Plaintiff requests from the Court.  Insofar as the allegations in Paragraph 65 are construed to require a response, Defendants deny that Plaintiff are entitled to any relief.

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

**Plaintiffs Are Entitled to An**
**Accounting Because Plaintiffs'**
**Damages Cannot Be Readily Ascertained**
**Due to Bauer's Fraudulent Conduct**

66.     In response to Paragraph 66 of the Complaint, Defendants deny the allegations contained therein.

67.     In response to Paragraph 67 of the Complaint, Defendants deny the allegations contained therein.

68.     In response to Paragraph 68 of the Complaint, Defendants deny the allegations contained therein.

69.     In response to Paragraph 69 of the Complaint, Defendants deny the allegations contained therein.

70.     In response to Paragraph 70 of the Complaint, the allegations contained therein describe the relief Plaintiff requests from the Court.  Insofar as the allegations in Paragraph 70 are construed to require a response, Defendants deny that Plaintiff are entitled to any relief.

## COUNT I

**(On Behalf of Plaintiffs Centner and Paradis for**
**Fraudulent Inducement Against Defendants TMG Offshore, Inc. and Bauer For**
**Damages)**

71.     Defendants incorporate their answers to all previous paragraphs as if alleged here.

72.     In response to Paragraph 72 of the Complaint, Defendants deny the allegations contained therein.

73.     In response to Paragraph 73 of the Complaint, Defendants deny the allegations contained therein.

74.     In response to Paragraph 74 of the Complaint, Defendants deny the allegations contained therein.

75.     In response to Paragraph 75 of the Complaint, Defendants deny the allegations contained therein.

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

12

76.     In response to Paragraph 76 of the Complaint, Defendants deny the allegations contained therein.

77.     In response to Paragraph 77 of the Complaint, Defendants deny the allegations contained therein.

78.     In response to Paragraph 78 of the Complaint, the allegations contained therein describe the relief Plaintiff requests from the Court.  Insofar as the allegations in Paragraph 78 are construed to require a response, Defendants deny that Plaintiff are entitled to any relief.

79.     In response to Paragraph 79 of the Complaint, the allegations contained therein describe the relief Plaintiff requests from the Court.  Insofar as the allegations in Paragraph 79 are construed to require a response, Defendants deny that Plaintiff are entitled to any relief.

<u>**COUNT II**</u>
**(On Behalf of Plaintiffs Centner and Paradis for**
**Fraudulent Inducement Against Defendants TGM Offshore, Inc. and Bauer For**
<u>**An Accounting)**</u>

80.     Defendants incorporate their answers to all previous paragraphs as if alleged here.

81.     In response to Paragraph 81 of the Complaint, Defendants deny the allegations contained therein.

82.     In response to Paragraph 82 of the Complaint, Defendants deny the allegations contained therein.

83.     In response to Paragraph 83 of the Complaint, Defendants deny the allegations contained therein.

84.     In response to Paragraph 84 of the Complaint, Defendants deny the allegations contained therein.

85.     In response to Paragraph 85 of the Complaint, Defendants deny the allegations contained therein.

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

13

86.     In response to Paragraph 86 of the Complaint, Defendants deny the allegations contained therein.

87.     In response to Paragraph 87 of the Complaint, Defendants deny the allegations contained therein.

88.     In response to Paragraph 88 of the Complaint, Defendants deny the allegations contained therein.

89.     In response to Paragraph 89 of the Complaint, Defendants deny the allegations contained therein.

90.     In response to Paragraph 90 of the Complaint, Defendants deny the allegations contained therein.

91.     In response to Paragraph 91 of the Complaint, the allegations contained therein describe the relief Plaintiff requests from the Court.  Insofar as the allegations in Paragraph 91 are construed to require a response, Defendants deny that Plaintiff are entitled to any relief.

## <u>COUNT III</u>

**(On Behalf of Plaintiffs Centner and Paradis for Promissory Estoppel**
**<u>Against Defendants TMG Offshore, Inc. and Bauer)</u>**

92.     Defendants incorporate their answers to all previous paragraphs as if alleged here.

93.     In response to Paragraph 93 of the Complaint, Defendants deny the allegations contained therein.

94.     In response to Paragraph 94 of the Complaint, Defendants deny the allegations contained therein.

95.     In response to Paragraph 95 of the Complaint, Defendants deny the allegations contained therein.

96.     In response to Paragraph 96 of the Complaint, Defendants deny the allegations contained therein.

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

14

97.   In response to Paragraph 97 of the Complaint, Defendants deny the allegations contained therein.

98.   In response to Paragraph 98 of the Complaint, Defendants deny the allegations contained therein.

<b><u>COUNT IV</u></b>

<b>(On Behalf of Plaintiffs Centner and Paradis for Unjust Enrichment<br>Against <u>Defendants TMG Offshore, Inc. and Bauer)</u></b>

99.   Defendants incorporate their answers to all previous paragraphs as if alleged here.

100.   In response to Paragraph 100 of the Complaint, Defendants deny the allegations contained therein.

101.   In response to Paragraph 101 of the Complaint, Defendants deny the allegations contained therein.

102.   In response to Paragraph 102 of the Complaint, Defendants deny the allegations contained therein.

103.   In response to Paragraph 103 of the Complaint, Defendants deny the allegations contained therein.

104.   In response to Paragraph 104 of the Complaint, Defendants deny the allegations contained therein.

105.   In response to Paragraph 105 of the Complaint, the allegations contained therein describe the relief Plaintiff requests from the Court.  Insofar as the allegations in Paragraph 105 are construed to require a response, Defendants deny that Plaintiff are entitled to any relief.

<b>DEMAND FOR JURY TRIAL</b>

Defendants acknowledge Plaintiffs have demanded a jury trial.

<b>GENERAL DENIAL</b>

To the extent not specifically, admitted or modified herein, Defendants deny each and every allegation in Plaintiffs' Complaint.

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

15

**AFFIRMATIVE AND OTHER DEFENSES**

Based on Defendants' knowledge of the facts to date, Defendants assert the following affirmative defenses.  To the extent that any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are hereby pled in the alternative.  Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiffs' burden to show otherwise, Defendants plead as follows:

A.     Defendants deny Plaintiffs are entitled to any of the relief requested in the Complaint.

B.     Plaintiffs fail to state a claim upon which relief can be granted.

C.     Defendants allege that any relief to which Plaintiffs may be entitled may be barred and/or limited by the after-acquired evidence doctrine.

D.     Mr. Bauer's statements were not promises and cannot form the basis for a promissory estoppel claim.

E.      There has been no detrimental reliance by Plaintiffs and therefore there is no basis for a promissory estoppel claim.

F.     Any action taken or omitted by Plaintiffs because they relied on statements attributable to Mr. Bauer or TMG Offshore, Inc. was unreasonable and cannot form the basis of a promissory estoppel claim.

G.     The circumstances are not such that statements made by Mr. Bauer or TMG Offshore, Inc. must be enforced to avoid injustice, and therefore cannot form the basis of a promissory estoppel claim.

H.     Plaintiffs' claims are barred by the doctrine of unclean hands, waiver, and estoppel.

I.     Plaintiffs' claims for fraudulent inducement fail because Defendants made no false misrepresentations of material fact, and even assuming they did, Defendants did not knowingly do so.

J.     Plaintiffs lack standing to seek an action for an accounting.

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

J.      Defendants reserve the right to change or add any additional affirmative or other defenses to Plaintiffs' claims as discovery in this case proceeds.

WHEREFORE, Defendants, having answered the allegations of the Complaint, hereby pray that:

1.      Plaintiffs' Complaint be dismissed in its entirety with prejudice and that Plaintiffs take nothing thereby;

2.      Judgment be entered against Plaintiffs and in favor of Defendants;

3.      Defendants be awarded their costs of defense and reasonable attorneys' fees; and

4.      The Court award Defendants such other and further relief as it deems appropriate.

Dated: ~~June 22~~ July 18, 2022.                Respectfully submitted,

/s/ Kristy L. Peters
Kristy L. Peters
Michael B. Guilliam
LITTLER MENDELSON, P.C.

Attorneys for Defendants

I hereby certify that the original of the foregoing was electronically filed using CM/ECF and a copy of the same was emailed to the following if non-registrants, this ~~22nd~~ 18th day of July, ~~June,~~ 2022.

~~Erik W. Centner~~
~~16248 N. 38th Way~~
~~Phoenix, AZ  85032~~
~~Ecentner2003@gmail.com~~

Alan Meda
BURCH & CRACCHIOLO, P.A.
1850 N Central Ave #1700
Phoenix, AZ 85004
ameda@bcattorneys.com
Attorneys for Plaintiffs

s/ Aurea Bishop

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

17