**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gina Centner, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>TMG Offshore Incorporated, *et al.*,<br><br>    Defendants. | No. CV-22-01032-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiffs Gina Centner and Paul Paradis's Motion for Remand for Lack of Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1447(c) (Doc. 16, Mot.), to which Defendants TMG Offshore Inc. and Mario Bauer filed a Response (Doc. 22, Resp.); Plaintiffs filed no Reply. The Court resolves the Motion without oral argument. *See* LRCiv 7.2(f).

Defendants timely removed this action from state court, alleging diversity jurisdiction. (Doc. 1.) In their Motion to Remand, Plaintiffs contend that Defendant TMG Offshore Inc. is a citizen of Arizona, as are Plaintiffs, thereby destroying diversity among the opposing parties.

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). Federal courts have diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and

costs. 28 U.S.C. § 1332(a). The Supreme Court has stated that, under 28 U.S.C. § 1446(a), a defendant's "notice of removal need include only a plausible allegation" supporting diversity jurisdiction, akin to the standard applied to a plaintiff's complaint. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) ("Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to simplify the pleading requirements for removal and to clarify that courts should apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." (internal quotations omitted)). Evidence supporting diversity jurisdiction is only required "when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 89. "[D]iversity jurisdiction is determined at the time the action commences." *Hill v. Blind Indus. & Servs of Md.*, 179 F.3d 754, 757 (9th Cir. 1999).

Diversity jurisdiction requires complete diversity of citizenship and "is not available when any plaintiff is a citizen of the same State as any defendant." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 366 (1978). Parties are deemed to be citizens of the state in which they are domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Once established, a party's domicile is presumed to continue "unless rebutted with sufficient evidence of change." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885–86 (9th Cir. 2013). The party seeking to rebut the presumption of established domicile has the burden of production of evidence demonstrating its changed domicile. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." The "principal place of business is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . and in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination and not simply an office where the corporation holds its board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

In the Notice of Removal (Doc. 1), Defendants allege that Plaintiffs are citizens of Arizona, Defendant Mario Bauer—the CEO of Defendant TMG Offshore—is a citizen of Colorado, and Defendant TMG Offshore is incorporated in Texas with its principal place of business in Texas. In support of its Notice of Removal, Defendants submitted Bauer's Declaration, in which he averred that TMG Offshore does not maintain an office in Arizona. (Doc. 1-5 at 2-3.) The Court here notes that evidence supporting diversity jurisdiction is not required in a Notice of Removal. *Dart Cherokee Basin*, 574 U.S. at 87. To the extent the Court construes the Notice of Removal as a pleading—as *Dart Cherokee Basin* teaches—the Court notes that Federal Rule of Civil Procedure 10(c) provides, "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." *See Markham v. Cnty. of Pima*, 821 Fed. App'x 716, 719 (9th Cir. 2020). Bauer later revised his Declaration to say that he was mistaken and that TMG Offshore does lease office space in Arizona. (Doc. 13.)

Plaintiffs challenge Defendants' allegation that TMG Offshore has its principal place of business in Texas, arguing it is instead Arizona. In support, Plaintiffs—who allege they were former employees of TMG Offshore or its predecessor—provide numerous documents dated between February and November 2021 showing business being conducted out of the Arizona office of TMG Offshore's predecessor, BGPC Global, Inc. (Doc. 17, Meda Decl.) Plaintiffs thus claim that Defendants' allegations, including Bauer's Declaration, contain knowing misrepresentations regarding the Arizona office and that the Court should therefore sanction Defendants under Federal Rule of Civil Procedure 11.

In response, Defendants provide another Bauer Declaration (Doc. 22 at 10-11) to show that, as of the day of Plaintiffs' filing of this action in state court, which was May 10, 2022, there were no longer any operations out of the Arizona office. (Resp. at 3.) Bauer explains that Plaintiffs worked out of the Arizona office but that the office has been closed since Plaintiffs' termination on March 24, 2022. (Resp. at 4.) Bauer also disputes Plaintiffs' claim that they were employees of TMG Offshore at all; Defendants argue Plaintiffs were employed only by a separate entity, TMG Utility. (Resp. at 4.)

The Court's task is simply to determine whether Defendants have proffered sufficient evidence to show that Arizona was not TMG Offshore's principal place of business as of the time of Plaintiffs' filing of the Complaint on May 10, 2022. While the Bauer Declaration does not constitute a wealth of evidence, it is sufficient to show that TMG Offshore's principal place of business was not Arizona on May 10, 2022. The Court is somewhat troubled by the fact that the evidence does not definitively show that Texas was TMG Offshore's principal place of business, as Defendants alleged in the Notice of Removal. This is especially so because Bauer alleges he works from home in Colorado, the other corporate board member works from home in Illinois, and the only two other management employees work from home in Florida and the Philippines. (Doc. 13.) *See Hertz Corp.*, 559 U.S. at 93 (noting "there will be hard cases," including where, "in this era of telecommuting, some corporations may divide their command and coordinating functions among officers who work at several different locations"). But the Court is satisfied that, at the time of Plaintiffs' filing of the Complaint, Arizona was not TMG Offshore's nerve center. Plaintiffs have not produced any evidence to controvert that conclusion; their evidence predates their Complaint.

As a result, the Court will deny Plaintiffs' Motion to Remand. Relatedly, because the subsequent Bauer Declarations explained the factual discrepancies identified by Plaintiffs, the Court also declines to impose Rule 11 sanctions against Defendants.

**IT IS THEREFORE ORDERED** denying Plaintiffs' Motion for Remand for Lack of Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1447(c) (Doc. 16).

Dated this 22nd day of September, 2022.

Honorable John J. Tuchi
United States District Judge